CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEYANTA LAMONT MOORE, ) | |
| Plaintiff, ) | Civil Action No. 7:23-cv-00497 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SGT. FLEMING, *et al.*, ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Keyanta Lamont Moore, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, Civil Action No. 7:23-cv-439 (W.D. Va.), which was severed into several actions, including the above-captioned matter alleging claims against Sgt. Fleming and Lt. Dye. Defendants move to dismiss for failure to state a claim (Dkt. No. 17), and Moore responded (Dkt. No. 22). Defendants' motion will be granted.

I.  BACKGROUND

The court severed Moore's original action into eight total cases. This case (New Lawsuit Five) involves the allegations in paragraph 17 against Sgt. Fleming and Lt. John Doe, later identified as Lt. Dye (Dkt. No. 11). In this paragraph, Moore alleges that Sgt. Fleming failed to timely submit an emergency grievance about staff failing to protect Moore from serious personal injury or irreparable harm. "According to Moore, . . . an unidentified lieutenant spoke to him about it, but simply told him someone would speak with him in two days about his Complaint." (Dkt. No. 1-1 at 7.) At the time of the allegations, Moore was housed at Keen Mountain Correctional Center.

Moore alleges as follows:

> I wrote a complaint to show how unprofessional the staff are here at
> K.M.C.C. and how they failed to protect me from serious personal

> injury or irreparable harm.  According to the Emergency Grievance. The staff must respond up to 8 hours or sooner . . . . I gave Sgt. Fleming a emergency grievance around 7:50 a.m. when I come from the shower.  I was talking about me being sexually harass on K.M.C.C..  This is a 'Prea' situation.  The Lt. come to my cell almost 12 hours later saying someone is gonna see you in 2 days.  If he would have turn it in on time I would have seen someone today.

(Compl. ¶ 17, Dkt. No. 1.)  Moore notes in his response in opposition to the motion that the defendants failed to protect him by not following PREA and emergency grievance guidelines. (Dkt. No. 22-1.)

## II.  ANALYSIS

**A.  Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*,

2

551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B.  Plaintiff's Claims**

Moore appears to allege that defendants should be liable for a violation of the Prison Rape Elimination Act (PREA).  PREA does not provide for a private cause of action because there is "no basis in law for a private cause of action under [42 U.S.C.] § 1983 to enforce a PREA violation."  *Bracy v. Tully*, 1:22cv827 (RDA/WEF), 2022 WL 3229325, at *3 (E.D. Va. Aug. 10, 2022) (collecting cases).  Moore cannot state a claim upon which relief may be granted because the PREA "does not create a private cause of action that can be brought by an individual plaintiff."  *Powell v. Temple*, 1:22cv302 (TSE/JFA), 2022 WL 2306762, at *4 (E.D. Va. June 27, 2022).

Moore also seems to be arguing that defendants violated due process because they did not follow VDOC procedures when responding to his Emergency Grievance.  This claim also falls short of stating an actionable claim for relief.  "State officials' failure to abide by state procedural regulations is not a federal due process issue, and is, therefore, not actionable under § 1983."  *Chatman v. Clarke*, Civil Action No. 7:16CV00509, 2016 WL 7480426, at *3 (W.D. Va. Dec. 29, 2016) (citing *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)).

Finally, in opposition to the motion to dismiss, Moore argues that he has a right to be free from sexual harassment while incarcerated, and the failure of staff to act on his complaints raises

a failure to protect claim. (Dkt. No. 22-1 at 7.) A prisoner's Eighth Amendment rights may be violated where a prison official fails to protect an inmate from harm caused by other prisoners or another prison official. To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. *Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014). Moore does not allege that defendants knew about a risk before an assault occurred. Instead, he only complains about their actions, or inactions, after he was assaulted. These allegations cannot state a failure to protect claim.

For these reasons, the court will grant the motion to dismiss.

### III.  CONCLUSION

The court will grant defendants' motion to dismiss in an appropriate order.

Entered: March 24, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge